FILED
SUPERIOR COURT
OF GUAM

2022 APR 12 PM 1:53

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>       Plaintiff,<br><br>vs.<br><br>VINCENT RODRIGUEZ CEPEDA,<br>DOB: 06/02/1966<br><br>       Defendant. | Case No. CF0064-19<br><br>**DECISION AND ORDER**<br>**(Motion for Reduction of Sentence)** |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on March 15, 2022, for a status hearing on Vincent Rodriguez Cepeda's ("Defendant") Motion for Reduction of Sentence. Attorney Jeffery Moots represents Defendant. Assistant Attorney General Jeremiah Luther represents the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion for Reduction of Sentence.

### BACKGROUND

On May 21, 2019, after a trial by jury, Defendant was found guilty of the following: (1) Second Degree Robbery (As a Second Degree Felony); (2) Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; and (3) Theft of Property (As a Misdemeanor). Verdict Form 1, May 21, 2019; Verdict Form 2, May 21, 2019; Verdict Form 3, May 21, 2019. On August 27, 2019, this Court sentenced the Defendant to a term of eight

consecutive to the sentence imposed for the Second Degree Robbery; and a term of one year for the Theft of Property to run concurrent to the Second Degree Robbery. Minute Entry, Aug. 27, 2019. Defendant appealed his conviction, and on August 26, 2021, the Supreme Court of Guam affirmed this Court's Judgment. *People v. Vincent Rodriguez Cepeda*, 2021 Guam 9.

On October 8, 2021, Defendant filed the instant motion. Mot. for Sentence Reduction, Oct. 8, 2021. The People filed an opposition. People's Resp. in Opp'n. to Def.'s Mot. for Reduction of Sentence, Oct. 11, 2021. The Court held a status hearing and took the parties' arguments under advisement. Minute Entry, Mar. 15, 2022.

## DISCUSSION

Defendant "requests this court to modify his sentence on the count of second-degree robbery from his current sentence of eight (8) years to a sentence of five (5) years." Mot. for Sentence Reduction at 2. If modified, Defendant's sentence would result in a cumulative sentence of ten years followed by a parole term of three years. *Id.* Currently, Defendant's sentence is a cumulative sentence of thirteen years followed by a parole term of three years. *Id.* at 1. The People argue Defendant's motion "contains no basis or argument for why this Court should revisit its original sentencing decision." People's Resp. in Opp'n. to Def.'s Mot. for Reduction of Sentence at 2. The People further state that "Defendant's criminal record provides more than enough rationale for why his sentence should be maintained." *Id.*

Title 8 G.C.A. § 120.46 states "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within on hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within

one hundred twenty (120) days after entry of any order of the Supreme Court of Guam, having the effect holding a judgment of conviction."

Defendant does not challenge the legality of the sentence imposed. Rather, Defendant's Motion is essentially a "plea for leniency." *United States v. Thayer*, 857 F.2d 1358, 1360 (9th Cir. 1988). A determination of such a plea for leniency is left to the trial court's discretion. *United States v. Eastman*, 743 F.2d 1322, 1324 (9th Cir. 1984); *United States v. Kouwenhoven*, 602 F.2d 234, 238 (9th Cir. 1979).

The Court finds a reduction in sentence is not appropriate. Defendant requests the Court reduce his sentence but does not provide any reasoning as to why a shorter sentence is warranted. A jury convicted Defendant of Second Degree Robbery with the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Theft of Property—violent offenses—and the Supreme Court of Guam upheld those convictions and sentences.

For Second Degree Robbery, Defendant faced a maximum of ten years imprisonment, pursuant to 9 G.C.A. § 40.20(b). For the Special Allegation, Defendant faced a maximum sentence of twenty-five years, pursuant to 9 G.C.A. § 80.37(a)(1). Lastly, for Theft of Property, Defendant faced a maximum sentence of one year imprisonment, pursuant to 9 G.C.A. §§ 40.20(c), 80.43(a). In total, the Court could have sentenced Defendant to a maximum of thirty-six years of imprisonment, assuming each charge was to run consecutive to the other charges. The Court finds the sentence imposed—thirteen years followed by a parole term of three years—is both necessary and fair, and lesser a sentence would depreciate the seriousness of each offense.

The Court notes that Defendant committed the offenses in this case after being released from prison on other robbery and theft offenses in Superior Court of Guam Case Nos. CF0431-

14 and CF0084-15. Likewise, Defendant is charged with Aggravated Assault (As a Third Degree Felony) with the Special Allegation: Use of a Deadly Weapon in the Commission of a Felony for allegedly assaulting another inmate while in custody at the Department of Corrections. Defendant's violent behavior at the Department of Corrections demonstrates that Defendant has not yet been rehabilitated and would benefit from continued incarceration. Given Defendant's history of recidivism, there is an undue risk that he would commit another violent offense if this Court were to impose a lighter sentence. Defendant needs continued correctional treatment that only the Department of Corrections can effectively provide.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion for a Reduction of Sentence.

SO ORDERED, this _____ day of _____ APR 1 2 2022 _____ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam